■ In the Matter of LOUIS B. YOUMANS, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. Respondent is a New Jersey attorney admitted to practice in this Department in 1984.

Petitioner Committee on Professional Standards moves for an order disciplining respondent pursuant to section 806.19 of this court's rules (22 NYCRR 806.19) by reason of his recent suspension from the practice of law in the State of New Jersey.

It appears from petitioner's papers that a disciplinary proceeding was commenced against respondent in New Jersey alleging misconduct in six separate client matters. The charges against respondent included, inter alia, soliciting and obtaining unsecured loans from clients at a time when his ability to repay those loans was seriously in doubt, signing a client's settlement check contrary to her stated desire to sign it herself, and failing to deposit prepaid unearned legal fees

into a trust account as required by New Jersey ethical rules. Pending final resolution of the disciplinary proceeding, the New Jersey Office of Attorney Ethics petitioned the Supreme Court in that State for an order of temporary suspension. That petition was prompted by respondent's failure to comply with various fee arbitration committee determinations directing him to refund moneys to clients, and by an intervening indictment charging respondent with one count of conspiracy to commit theft by deception and five counts of bad check offenses. The Supreme Court granted the petition and temporarily suspended respondent by orders entered January 24 and February 6, 1990.

Thereafter, by decision dated May 18, 1990, the New Jersey Supreme Court found respondent guilty of five of the disciplinary charges and, "[i]n view of the severity of the multiple ethical violations committed by respondent", a two-year suspension was imposed (Matter of Youmans, 118 NJ 622, 637, 573 A2d 899, 908-909).

Although respondent was served with a copy of the order to show cause initiating this application, he has failed to file a verified statement as permitted by section 806.19 (b) or otherwise appear in the matter.

In view of respondent's suspension in the State of New Jersey for several ethical violations and his failure to appear on this application, petitioner's motion is granted. It is further determined that the ends of justice will be served by imposing upon respondent the same discipline in this State as was imposed in the State of New Jersey (see, Matter of Apovian, 140 AD2d 736).

Respondent suspended for two years and until further order of this court, the period of suspension to correspond with the period of suspension imposed in the State of New Jersey. Respondent may apply for reinstatement upon furnishing satisfactory proof that he has been reinstated as a member of the New Jersey Bar and has otherwise complied with the requirements of section 806.12 of this court's rules (22 NYCRR 806.12). Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.